## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., )<br>A Delaware Corporation, ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | **JURY TRIAL DEMANDED** |
| BARNES & NOBLE, INC., )<br>A Delaware Corporation, ) | |
| BARNESANDNOBLE.COM LLC, )<br>A Delaware Company, ) | |
| BARNESANDNOBLE.COM INC. )<br>A Delaware Corporation, ) | |
| Defendants. ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Graphics Properties Holdings, Inc. ("GPH") alleges against Defendants Barnes & Noble, Inc., BarnesandNoble.com LLC and BarnesandNoble.com Inc. (referred to collectively as "Defendant") as follows:

### JURISDICTION

1.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

2.    This Court has personal jurisdiction over Defendant in that Defendant has, directly or indirectly through intermediaries, committed acts in Delaware giving rise to this action and/or has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## VENUE

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and/or (d) and 28 U.S.C. § 1400(b).

## THE PARTIES

4.     Plaintiff GPH is a Delaware corporation with its principal place of business at 56 Harrison Street, Suite 305C, New Rochelle, NY 10801.

5.     On information and belief, Defendant Barnes & Noble, Inc. is a Delaware Corporation with its principal place of business at 122 5th Ave., New York City, New York 10011. Its registered agent for service of process is Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901.

6.     On information and belief, Defendant BarnesandNoble.com LLC is a wholly owned subsidiary of Barnes & Noble, Inc. and is a Delaware limited liability company with its principal place of business at 122 5th Ave., New York City, New York 10011. Its registered agent for service of process is Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901.

7.     On information and belief, Defendant BarnesandNoble.com Inc. is a subsidiary of Barnes & Noble, Inc. and is a Delaware corporation with its principal place of business at 122 5th Ave., New York City, New York 10011. Its registered agent for service of process is Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901.

8.     Defendant is in the business of making, offering for sale, and selling a variety of tablets, also referred to as e-book readers.

## COUNT I
### (Infringement of U.S. Patent No. 5,717,881)

9.     On February 10, 1998, United States Patent No. 5,717,881 (the '881 Patent), for an invention entitled "Data processing system for processing one and two parcel instructions," was duly and legally issued by the United States Patent Office (a copy of the '881 Patent is attached as Exhibit A).  GPH is the owner and assignee of the '881 Patent.

10.     On information and belief, Defendant is selling tablets, including at least the Nook tablet, that infringe certain claims of the '881 Patent and will continue to do so unless enjoined by this Court.

11.     On information and belief, Defendant makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes to, within and from the United States these products and thus directly infringes certain claims of the '881 Patent.

12.     On information and belief, Defendant provides its tablets to at least tablet sellers, resellers and end-user customers in the United States who, in turn, use these products to infringe at least certain claims of the '881Patent.

13.     On information and belief, Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '881 Patent by making, using, offering for sale, importing, and selling tablets, including at least the Nook tablet, as well as by contracting with others to use, market, sell, offer to sell, and import tablets, including at least the Nook tablet, all with knowledge of the '881 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import tablets, including the Nook tablet; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of tablets, including the Nook tablet, through the

creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

14.     On information and belief, Defendant has also contributed to the infringement by others, including the end users of Defendant's tablets, including at least the Nook tablet, and continues to contribute to infringement by others, by selling, offering to sell, and importing tablets, including at least the Nook tablet into the United States, knowing that those products constitute a material part of the inventions of the '881 Patent, knowing those products to be especially made or adapted to infringe the '881 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

15.     Defendant had knowledge of and notice of the '881 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

16.     Defendant's tablets infringe certain claims of the '881 patent.

17.     Plaintiff has been damaged by Defendant's infringement, which will continue unless enjoined by this Court.

## COUNT II
### (Infringement of U.S. Patent No. 6,816,145)

18.     On November 9, 2004, United States Patent No. 6,816,145 (the '145 Patent), for an invention entitled "Large area wide aspect ratio flat panel monitor having high resolution for high information content display," was duly and legally issued by the United States Patent Office (a copy of the '145 Patent is attached as Exhibit B).  GPH is the owner and assignee of the '145 Patent.

19.     On information and belief, Defendant is selling tablets, including at least the Nook tablet, that infringe certain claims of the '145 Patent and will continue to do so unless enjoined by this Court.

20.     On information and belief, Defendant makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes to, within and from the United States these products and thus directly infringes certain claims of the '145 Patent.

21.     On information and belief, Defendant provides its tablets to at least tablet manufacturers, sellers, resellers and end-user customers in the United States who, in turn, use these products to infringe certain claims of the '145 Patent.

22.     On information and belief, Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '145 Patent by making, using, offering for sale, importing, and selling tablets, including at least the Nook tablet, as well as by contracting with others to use, market, sell, offer to sell, and import tablets, including at least the Nook tablet, all with knowledge of the '145 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import tablets, including the Nook tablet; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of tablets, including the Nook tablet, through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

23.     On information and belief, Defendant has also contributed to the infringement by others, including the end users of Defendant's tablets, including at least the Nook tablet, and continues to contribute to infringement by others, by selling, offering to sell, and importing tablets, including at least the Nook tablet, into the United States, knowing that those products

constitute a material part of the inventions of the '145 Patent, knowing those products to be especially made or adapted to infringe the '145 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24. Defendant had knowledge of and notice of the '145 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

25. Defendant's tablets infringe certain claims of the '145 patent.

26. Plaintiff has been damaged by Defendant's infringement, which will continue unless enjoined by this Court.

**COUNT III**
**(Infringement of U.S. Patent No. 6,650,327)**

27. On November 18, 2003, United States Patent No. 6,650,327 (the '327 Patent), for an invention entitled "Display system having floating point rasterization and floating point framebuffering," was duly and legally issued by the United States Patent Office (a copy of the '327 Patent is attached as Exhibit C). GPH is the owner and assignee of the '327 Patent.

28. On information and belief, Defendant is selling tablets, including at least the Nook tablet, that infringe certain claims of the '327 Patent and will continue to do so unless enjoined by this Court.

29. On information and belief, Defendant makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes to, within and from the United States these products and thus directly infringes certain claims of the '327 Patent.

30. On information and belief, Defendant provides its tablets to at least tablet manufacturers, sellers, resellers and end-user customers in the United States who, in turn, use these products to infringe certain claims of the '327 Patent.

31.     On information and belief, Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '327 Patent by making, using, offering for sale, importing, and selling tablets, including at least the Nook tablet, as well as by contracting with others to use, market, sell, offer to sell, and import tablets, including at least the Nook tablet, all with knowledge of the '327 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import tablets, including the Nook tablet; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of tablets, including the Nook tablet, through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

32.     On information and belief, Defendant has also contributed to the infringement by others, including the end users of Defendant's tablets, including at least the Nook tablet, and continues to contribute to infringement by others, by selling, offering to sell, and importing tablets, including at least the Nook tablet, into the United States, knowing that those products constitute a material part of the inventions of the '327 Patent, knowing those products to be especially made or adapted to infringe the '327 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33.     Defendant had knowledge of and notice of the '327 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

34.     Defendant's tablets infringe certain claims of the '327 patent.

35.     Plaintiff has been damaged by Defendant's infringement, which will continue unless enjoined by this Court.

## COUNT IV
### (Infringement of U.S. Patent No. 8,144,158)

36.     On March 27, 2012, United States Patent No. 8,144,158 (the '158 Patent), for an invention entitled "Display system having floating point rasterization and floating point framebuffering," was duly and legally issued by the United States Patent Office (a copy of the '158 Patent is attached as Exhibit D).  GPH is the owner and assignee of the '158 Patent.

37.     On information and belief, Defendant is selling tablets, including at least the Nook tablet, that infringe certain claims of the '158 Patent and will continue to do so unless enjoined by this Court.

38.     On information and belief, Defendant makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes to, within and from the United States these products and thus directly infringes certain claims of the '158 Patent.

39.     On information and belief, Defendant provides its tablets to at least tablet manufacturers, sellers, resellers and end-user customers in the United States who, in turn, use these products to infringe certain claims of the '158 Patent.

40.     On information and belief, Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '158 Patent by making, using, offering for sale, importing, and selling tablets, including at least the Nook tablet, as well as by contracting with others to use, market, sell, offer to sell, and import tablets, including at least the Nook tablet, all with knowledge of the '158 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import tablets, including the Nook tablet; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of tablets, including the Nook tablet through the

creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

41.     On information and belief, Defendant has also contributed to the infringement by others, including the end users of Defendant's tablets, including at least the Nook tablet, and continues to contribute to infringement by others, by selling, offering to sell, and importing tablets, including at least the Nook tablet into the United States, knowing that those products constitute a material part of the inventions of the '158 Patent, knowing those products to be especially made or adapted to infringe the '158 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

42.     Defendant had knowledge of and notice of the '158 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

43.     Defendant's tablets infringe certain claims of the '158 patent.

44.     Plaintiff has been damaged by Defendant's infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     A preliminary and permanent injunction against Defendant's continued infringement, inducing of infringement, and contributing to infringement of the '881, '145, '327, and '158 Patents (collectively the "patents in suit");

B.     An award of damages in favor of Plaintiff and against Defendant sufficient to compensate Plaintiff for Defendant's infringement of the patents in suit, and an assessment of prejudgment interest and post-judgment interest;

C.     A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

D.      An award to Plaintiff of its reasonable expenses, including attorneys' fees, and costs of this action; and

E.      Such other and further relief as the Court finds just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Date: November 5, 2012                          Respectfully submitted,

 

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Of Counsel:

Michael T. Renaud
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
MRenaud@mintz.com

*Attorneys for Plaintiff*